**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **HECTOR POSADAS,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.: 3:19-cv-00313** |
| **v.** | ) | |
| | ) | |
| **ENTERPRISE SERVICES LLC,** | ) | |
| **PERSPECTA ENTERPRISE SOLUTIONS,** | ) | |
| **LLC, F/K/A HP ENTERPRISE SERVICES,** | ) | |
| **LLC, AND DXC TECHNOLOGY** | ) | **JURY TRIAL DEMANDED** |
| **SERVICES, LLC** | ) | |

**NOTICE OF REMOVAL**

 **NOW INTO COURT,** through undersigned counsel, comes Defendants Enterprise

Services, LLC, Perspecta Enterprise Solutions, LLC, F/K/A HP Enterprise Services, LLC, and

DXC Technology Services, LLC (hereinafter collectively referred to as "Defendants"), who

pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, as amended, and without waiving any of

their defenses or objections, remove this action from the 327th Judicial District Court, El Paso

County, Texas to the United States District Court for the Western District of Texas. As the basis

for removal, Defendants represent that the following:

1.

 On September 9, 2019, a Petition entitled *Hector Posadas v. Enterprise Services LLC,*

*Perspecta Enterprise Solutions, LLC, f/k/a HP Enterprise Services, LLC, and DXC Technology*

*Services, LLC*, Cause No. 2019-DCV-3608, was filed on behalf of Plaintiff Hector Posadas in the

327th Judicial District Court, El Paso County. On September 30, 2019, DXC was served with the

Petition. A copy of the Summons and Petition served on DXC is attached hereto as Exh. 1. No

other defendants have been served as of the date of this Notice of Removal.

2.

In his Petition, Plaintiff alleges claims against Defendants for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), and Chapter 21 of the Texas Labor Code.

3.

## BASIS FOR REMOVAL

Defendants submit this matter is removable pursuant to the Court's federal question and diversity jurisdiction.

4.

### *Federal Question*

In paragraph 12 of the Petition, Plaintiff alleges that this action arises under the ADA, ADEA, and Title VII. Therefore, this is a civil action over which the United States District Court for the Western District of Texas has original jurisdiction by virtue of 28 U.S.C. § 1331 as it "aris[es] under the Constitution, laws, or treaties of the United States." As such, this action is removable pursuant to 28 U.S.C. §§ 1441 and 1446, and is removable without regard to the citizenship or residence of the parties.

The claims asserted by Plaintiff under state law are inextricably intertwined with the causes of action over which this Court has original federal question jurisdiction as they are premised on the exact same alleged facts and transactions. *See* Petition at ¶¶ 7-12.  This Court therefore properly has supplemental jurisdiction over all such claims. 29 U.S.C. § 1367(a); *Carnegie-Mellon Univ. v. Cahill,* 484 U.S. 343, 348-49 (1988); *United Mine Workers v. Gibbs,* 383 U.S. 715, 725-27 (1966).

5.

### *Diversity of Citizenship*

The Court also has jurisdiction over this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332, because the parties and interests are diverse, and a good faith reading of the Petition shows that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Plaintiff, as alleged in his Petition, is a resident of Texas. *See* Exh. 1, Petition at ¶ 2. For diversity purposes a person is a "citizen" of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828 (1989). A party's residence is *prima facie* evidence of his domicile. *Holinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011) (citing *Stine v. Moore,* 213 F.3d 446, 448 (5th Cir. 1954)).

For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Carden v. Arkoma Associates,* 494 U.S. 185 (1990); *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310, 314 (5th Cir. 2019); *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Further, a corporation "shall be deemed a citizen of any state by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Enterprise Services LLC changed its name to Perspecta Enterprise Solutions LLC on October 29, 2018. *See* Delaware Secretary of State Entity Details for Perspecta Enterprise Solutions LLC, attached as Exh. 2.[1] Perspecta Enterprise Solutions, LLC (f/k/a Enterprise Services LLC), is a limited liability company incorporated under the laws of the State of Delaware with its

---

[1] The Court may take judicial notice of a publicly filed document, including relevant SEC filings and other publicly available documents. *See MidCap Media Finance, L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310, 315 (5th Cir. 2019) (explaining that the Fifth Circuit has taken judicial notice of jurisdictional facts "not subject to reasonable dispute" in removal cases, such as public filings) (citing *Swindol v. Aurora Flight Sciences Corp.,* 805 F.3d 516, 519 (5th Cir. 2015) (quoting FED. R. EVID. 201(b))). *See also In re Enron Corp. Securities Derivative & ERISA Litigation,* 258 F. Supp. 2d 576, 624 n.54 (S.D. Tex. 2003) (explaining that courts may take judicial notice of public filings).

principal place of business located in Herndon, Virginia. *See* Virginia Secretary of State Entity Details for Perspecta Enterprise Solutions LLC, attached as Exh. 3.  Its sole member is Perspecta Inc., a Nevada corporation with its headquarters and principal place of business in Chantilly, Virginia.  *See* Excerpt from Perspecta Inc.'s Form 10-Q, dated December 2018, attached hereto as Exh. 4.

DXC Technology Services, LLC is also a limited liability company. DXC Technology Services, LLC is incorporated in the state of Delaware with its principal place of business located in Tysons Corner, Virginia.  *See* Declaration of Ira Katz, attached hereto as Exh. 5; *see also* Virginia Secretary of State Business Entity Details for DXC Technology Services LLC, attached hereto as Exh. 6.  Its sole member is DXC Technology Company, which is a Nevada corporation with its headquarters and principal place of business in Tysons, Virginia. *See* Exh. 3, Katz Declaration; *see also* Excerpt of DXC Technology Company's Form 8-K, dated September 2019, attached hereto as Exh. 7.

6.

The parties are citizens of different states (Petition, ¶¶ 2-5) and upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Where, as here, a plaintiff's petition does not state the amount in controversy, the defendant may satisfy its burden of proof under § 1332(a) with a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co. v. Owens,* 135 S.Ct.. 547, 554 (2014). This figure "should be accepted when not contested by the plaintiff or questioned by the court." *Id.*  Plaintiff's annual salary was $120,234, when he was last employed by DXC in 2018. *See* Exh. 5, Katz Declaration. Plaintiff seeks damages for lost wages and loss of wage-earning capacity, past and future, so his claim for lost wages alone satisfies the amount in controversy. *See*

*Salomon v. Wells Fargo Bank, N.A.,* 2010 WL 2545593, at *6 (W.D. Tex., June 21, 2010) (explaining that in an employment discrimination case the plaintiff's salary "may influence whether the jurisdictional amount in controversy will likely be met"); *Hanson v. K Mart Corp.,* 2008 WL 4372701, at *4, n..42  (W.D. Tex. 2008) (plaintiff's back pay claim alone, based on salary of $101,830.04, satisfied amount in controversy);  *Peveto v. Invista S.A. R.L.,* 2016 WL 4942047, at *4 (E.D. Tex. 2016) (plaintiff's undisputed base salary of $80,000, plus the fact that plaintiff sought punitive damages and attorney's fees, and costs "clearly supports an amount in controversy over $75,000").  *See also White v. Slaughter,* 2017 6507699, at * 2,  n.42 (W.D. La. 2017) (Aside from plaintiff's stipulation, "the court agrees that based on plaintiff's salary at the time of discharge," along with request for treble damages and attorney's fees, "it is more likely than not that the claimed damages exceeded the requisite jurisdictional minimum.").

7.

Moreover, plaintiff seeks monetary damages for mental anguish, past and future, "other damages," punitive damages, and an award of attorney's fees, which would further add to the amount in controversy.  *See, e.g., Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) (explaining that it was "facially apparent" from plaintiff's Complaint that amount in controversy exceeded $75,000, where the plaintiff claimed pain and suffering, mental anguish and suffering, and loss of wages and earning capacity);  *Lite-Martin v. Southwest PCS, L.P.,* 2003 W.D. Tex. 2003) ("it is more likely than not that, if successful at trial, Plaintiff's compensatory damages, punitive damages, and attorney's fees will exceed the $75,000 minimum);  *Martin v. SW. PCS, L.P.,* 2003 WL 2247692, at * 3 (W.D. Tex. 2003) (amount in controversy satisfied in case under Texas Labor Code based on compensatory damages for past and future losses and mental anguish, back pay, front pay, medical payments, punitive damages, and attorney's fees);

5

*Wilson v. Hibu, Inc.,* 2013 WL 5803816, at * 3-4 (N.D. Tex. 2013) ( a "common sense" approach dictates that plaintiff's claim for punitive damages, attorney's fees, and expert fees allowed under the Texas Labor Code exceeds the $75,000 amount in controversy). *See also White v. FCI USA, Inc.,* 319 F.3d 672, 676 (5th Cir. 2003) (indeterminate complaint exceeded amount in controversy where plaintiff sought lost income, mental anguish and emotional distress, and punitive damages, and plaintiff indicated in discovery she was losing $100,000 per year). Thus, this action is removable under 28 U.S.C. § 1441(b) and § 1446.

8.

## VENUE IS PROPER

Venue is proper in the Western District of Texas because the civil district court action is pending within the jurisdictional confines of this District. *See* 28 U.S.C. §§ 1391(b) and 1441(a); *see also* Local Court Rules for the United States District Court for the Western District of Texas at p. vii.

9.

## REMOVAL IS TIMELY

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after receipt by DXC of the papers that provide the basis for removal of this action. *See* Exh. 1.

10.

## REMOVAL IS PROPERLY FILED

Pursuant to 28 U.S.C. § 1446(a) and (d), this Notice of Removal complies with the requirements concerning a short and plain statement for the grounds of removal and the filing of all process, pleadings, and orders served upon Defendants from the state court action. *See* Exh. 1.

These documents constitute all process, pleadings, and orders served upon Defendant DXC in this case at the time of the filing of this removal.

11.

In accordance with 28 U.S.C. § 1446(d), promptly after this notice of removal is filed, written notice thereof will be given to all adverse parties and a copy of this <u>Notice of Removal</u> will be filed with the clerk of the aforesaid state court to affect the removal of this civil action to this Honorable Court as provided by law.  A copy of the Notice to State Court of Removal of Civil Action is attached hereto as Exh. 8.

11.

This <u>Notice of Removal</u> is executed pursuant to Federal Rule of Civil Procedure 11.

**WHEREFORE**, Defendants pray that this <u>Notice of Removal</u> be accepted as good and sufficient, that the aforesaid <u>Petition</u> be removed from the state court to this Honorable Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said civil action from said state court, and thereupon proceed with this civil action as if it had originally been commenced in this Court.

Respectfully submitted this the 29th day of October 2019.

**COUNSEL FOR DEFENDANTS**

<u>/s/ Samuel Zurik III</u>
Samuel Zurik III, Esq. (TX Bar: 24044397)
THE KULLMAN FIRM
*A Professional Law Corporation*
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163-1600
T: 504-524-4162 | F: 504-596-4114
SZ@KullmanLaw.com

<u>*Pro Hac Motions to be Filed*</u>

7

Jessica L. Marrero, Esq.
Allison A. Fish, Esq.
THE KULLMAN FIRM
*A Professional Law Corporation*
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163-1600
T: 504-524-4162 | F: 504-596-4114
JLM@KullmanLaw.com
AAF@KullmanLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October 2019, I served a copy of the foregoing pleading upon the following counsel of record via Certified Mail/return receipt requested:

**COUNSEL FOR PLAINTIFF**
John P. Valdez, Esq.
DAVIE & VALDEZ P.C.
1801 N. Stanton
El Paso, Texas 79902
T: 915-838-1100
John@DavieValdez.com

/s/ Samuel Zurik III
**THE KULLMAN FIRM**